UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,<br>    Plaintiff, | Case No. 1:22-cv-435<br>Litkovitz, M.J. |
| vs. | |
| ROBERT ALLEN CASE, *et al.*,<br>    Defendants. | ORDER |

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") initiated a complaint for interpleader on July 26, 2022, alleging that defendants Robert Allen Case ("Case") and Lori A. Stewart ("Stewart") assert conflicting claims to a death benefit under a policy (the "Policy") that it issued to Leslie R. Case (the "decedent"). (*See generally*, Doc. 1). This matter before the Court on Case's motion to dismiss Stewart's amended crossclaim for intentional interference with expectancy of inheritance (Doc. 32), Stewart's response (Doc. 39), and Case's reply (Doc. 40).

**I.    Stewart's Amended Crossclaim**

Stewart alleges that the decedent was diagnosed with Stage IV cancer at the end of 2021 and left her marital home with Case on May 2, 2022. (Doc. 25, PAGEID 295 at ¶¶ 2-3). On May 10, 2022, the decedent initiated a change to her Policy's beneficiary designation through her financial advisor. (*Id.* at ¶ 4). On May 29, 2022, the decedent executed the appropriate form to designate Stewart as the primary 100% beneficiary of the Policy, and an attorney and witness to the decedent's execution thereof observed that the decedent was "of sound mind and capacity and was not under any duress or undue influence. . . ." (*Id.*, PAGEID 296-97 at ¶¶ 5-10, 13-18; *see also* Litts Aff., Doc. 25-2). Stewart's amended crossclaim then alleges:

20. Although [the decedent] was of sound mind and capacity and not under any

duress at the time she willingly and voluntarily moved out of the marital home on May 2, 2022, [Case] indicated that he intended to challenge any beneficiary designation changes made by [the decedent] following her move.

21. Despite [the decedent] clearly and unequivocally stating her intent to change the Policy beneficiary to Stewart effective May 10, 2022, [Case] has challenged the beneficiary designation change.

22. [Case], through counsel, sent correspondence to Genworth notifying Genworth that any beneficiary designation changes made after May 2, 2022—the date [the decedent] moved out of the marital home—would be challenged. *Complaint, Exhibit 7*.

23. [Case] cannot set forth any facts to establish that [the decedent] lacked capacity, was under duress, or was a victim of fraud at the time she requested the beneficiary of the Policy be changed to Stewart on May 10, 2022.

24. Nevertheless, [Case] has contested the beneficiary designation change, tortiously interfering with Stewart's anticipated inheritance of the Policy proceeds.

25. Despite the Beneficiary Change complying with the terms set forth in the Policy attached as Exhibit 1 to Plaintiff's Complaint, [Case] has interfered with Genworth's disbursement of Policy funds to the rightful beneficiary, Stewart.

26. [Case]'s interference with any lawful changes made by [the decedent] to her beneficiary designations was intentional and malicious.

27. By his acts and conduct as set forth herein and in Plaintiff's Complaint, . . . Case has intentionally, maliciously, and tortiously interfered with Stewart's expectancy of inheritance in the amount contained in the Genworth account, specifically $500,000.

28. As a direct and proximate result of . . . Case's intentional, malicious, and tortious conduct, Stewart has been damaged in an amount to be determined at trial.

(Doc. 25 at PAGEID 297-99).

II. **Standard of Review**

In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575

2

(6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A plaintiff must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Analysis

Case argues that Stewart's amended crossclaim fails to allege any more than a formulaic recitation of the elements of her intentional interference with expected inheritance claim without any factual support. In particular, Case argues that Stewart fails even to allege a particular tort committed in connection with her expected inheritance. In her response, Stewart appears to acknowledge that her amended crossclaim lacks an explicit allegation of tortious behavior by Case. To remedy this omission, Stewart refers to a letter from Case's attorney to Genworth[1] and certain of her amended crossclaim's allegations as supporting a reasonable inference of a "fraudulent misrepresentation[]" or "fraudulent challenge" by Case. (Doc. 39 at PAGEID 371-72). In reply, Case argues that Stewart is prohibited from including new allegations in response

---

[1] This letter appears in the record (*see* Doc. 1-7) and is referenced in Stewart's amended crossclaim (*see* Doc. 25, PAGEID 298 at ¶ 22). "When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any . . . items appearing in the record of the case . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

to his motion to dismiss. Case also argues that even if the Court did find that Stewart's amended crossclaim supported a plausible inference of fraud, it would fail to meet the applicable heightened pleading standard of Fed. R. Civ. P. 9(b).

The elements of intentional interference with expectancy of inheritance are:

(1) an existence of an expectancy of inheritance in the plaintiff; (2) an intentional interference by a defendant(s) with that expectancy of inheritance; (3) conduct by the defendant involving the interference which is tortious, such as fraud, duress or undue influence, in nature; (4) a reasonable certainty that the expectancy of inheritance would have been realized, but for the interference by the defendant; and (5) damage resulting from the interference.

*Firestone v. Galbreath*, 616 N.E.2d 202, 203 (Ohio 1993).

In her response, Stewart relies on Case's attorney's letter to Genworth to show that Case's challenge to the beneficiary designation change is made "without any good grounds[,]" because "[e]ven before the designation change was made by the decedent," Case expressed his intent to challenge *any* such change. (Doc. 39 at PAGEID 370). Stewart, however, mischaracterizes this letter. First, this letter is dated June 9, 2022 (*see* Doc. 1-7) and the beneficiary designation change took effect on May 31, 2022 (*see* Doc. 1, PAGEID 3 at ¶ 10). Thus, contrary to Stewart's argument, Case's expressed intent via the letter occurred after the designation change of the decedent. Second, Case's attorney writes: "If changes were made after 5/2/22, it is possible that some degree of incapacity, undue influence or fraud may have been present in those changes that would need to be resolved in a court of law." (Doc. 1-7 at PAGEID 84). This is not an unqualified threat to challenge to any beneficiary designation change. In addition, contrary to Stewart's arguments otherwise, it *disclaims* Case's knowledge of the decedent's capacity and related issues after she left the marital household.

As far as the allegations of her amended crossclaim, Stewart relies on paragraph 20 for the proposition that "[Case] knew that [the decedent] was of sound mind and capacity and not

under any duress as of May 2, 2022, yet he informed Genworth of his intent to challenge any beneficiary designation change." (Doc. 39 at PAGEID 370). Paragraph 20 of the amended crossclaim, however, does not allege anything related to *Case's knowledge* of the decedent's capacity; it simply states the decedent's capacity as a matter of fact. (*See* Doc. 25 at PAGEID 297 ("Although [the decedent] was of sound mind and capacity and not under any duress at the time she willingly and voluntarily moved out of the marital home. . . .")). Stewart also points to ¶¶ 23-25 of her amended crossclaim as alleging that Case knew the decedent had adequate capacity and that there was no fraud or undue influence, but Case nevertheless fraudulently misrepresented otherwise via his attorney's letter to Genworth. (*See* Doc. 39 at PAGEID 370-71). Again, however, the paragraphs referenced (¶¶ 23-25) do not allege that Case *actually knew* that any changes in the beneficiary designation by the decedent were the product of a sound mind and the lack of fraud, duress or undue influence; and this is consistent with Case's attorney's letter (Doc. 1-7 at PAGEID 84) ("*If* changes were made after 5/2/22, it is *possible* that some degree of incapacity, undue influence or fraud *may have been present* in those changes that would need to be resolved in a court of law.") (emphasis added)). At most, Stewart alleges in these paragraphs that Case did not have proof of the decedent's incapacity or intervening fraud or undue influence prior to the beneficiary designation change. (Doc. 25, PAGEID 298 at ¶¶ 23-24). That allegation, however, does not give rise to a reasonable inference of tortious behavior— let alone the fraudulent behavior that Stewart, in her response, urges the Court to infer.

In sum, the Court is not persuaded that Stewart's amended crossclaim sufficiently pleads element three of her intentional interference with expectancy of inheritance claim beyond offering a mere "formulaic recitation" thereof. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). *Compare Figgie v. Figgie*, No. 109829, 2021 WL 1309775, at *18 (Ohio Ct. App.

April 8, 2021) (dismissing claim because bare allegation that the defendants' conduct was fraudulent did not sufficiently allege intentional, tortious behavior) *with McWreath v. Cortland Bank*, No. 2010-T-0023, 2012 WL 2522933, at *9 (Ohio Ct. App. June 29, 2012) (allegations that a defendant "intentionally issu[ed] a report that included false statements" were sufficient to state a claim for intentional interference with expectancy of inheritance). Stewart cannot remedy this deficiency via response to Case's motion to dismiss. "If [Stewart] believe[s] that [she] need[s] to supplement [her] complaint with additional facts to withstand a motion for judgment on the pleadings (or a motion to dismiss), [she has] a readily available tool: a motion to amend the [crossclaim] under Rule 15." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020).

Given the foregoing, the Court need not reach Case's arguments related to Fed. R. Civ. P. 9(b)'s heightened pleading standard for fraud. *Cf. JVIS-USA, LLC v. NXP Semiconductors USA, Inc.*, No. 21-10801, 2022 WL 16082158, at *3 (E.D. Mich. Mar. 17, 2022) ("[T]he particularity standard of Rule 9(b) does not apply [to a Michigan tortious interference with contract claim], but the complaint must still contain sufficient factual development to support a state of mind allegation and a mere recitation of the elements . . . is not sufficient.").

IV. Conclusion

For the reasons explained above, Case's motion to dismiss Stewart's amended crossclaim (Doc. 32) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 2/7/2023

Karen L. Litkovitz
United States Magistrate Judge