UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,
    Plaintiff,

vs.

ROBERT ALLEN CASE, *et al.*,
    Defendants.

Case No. 1:22-cv-435
Litkovitz, M.J.

ORDER

Plaintiff Genworth Life and Annuity Insurance Company ("Genworth") initiated a complaint for interpleader on July 26, 2022, alleging that defendants Robert Allen Case ("Case") and Lori A. Stewart ("Stewart") assert conflicting claims to a death benefit under a policy (the "Policy") that it issued to Leslie R. Case (the "decedent"). (*See generally* Doc. 1). On November 23, 2022, Stewart filed a third-party complaint against FFR Wealth Team, LLC ("FFR"). (Doc. 35). This matter is before the Court on FFR's motion for judgment on the pleadings (Doc. 52), Stewart's response (Doc. 54), and FFR's reply (Doc. 55).

**I.    Stewart's Third-Party Complaint**

Stewart's third-party complaint contains a single count of negligent procurement under Ohio law. (*See generally* Doc. 35). Stewart alleges that the decedent contacted her financial advisor, Scott Reynolds at FFR, on or about May 11, 2022 and instructed him to change the beneficiary designation on the Policy to Stewart. (*Id.*, PAGEID 356 at ¶¶ 5-6). On May 28, 2022, the decedent sent Mr. Reynolds an email requesting confirmation that he had followed her instructions. (*Id.* at ¶ 7). On May 29, 2022, FFR submitted a beneficiary designation change form to the decedent for her to execute, which she did that same day—as witnessed by Norman Litts. (*Id.*, PAGEID 356-57 at ¶¶ 9-10, 13). This form, prepared by Mr. Reynolds, mistakenly lists "5/11/2022" as the decedent's date of birth. (*Id.*, PAGEID 357 at ¶¶ 11-12). The decedent

designated Stewart as the primary 100% beneficiary of the Policy. (*Id.* at ¶ 14). On May 31, 2022, Genworth confirmed that the beneficiary designation change had been processed and that Stewart was the 100% beneficiary of the Policy. (*Id.* at ¶ 15).

Stewart alleges that FFR "owed a duty to Stewart, the known intended beneficiary of the Policy[,]" and "breached that duty by failing to timely effectuate the beneficiary designation change requested by the decedent. . . ." (*Id.*, PAGEID 358 at ¶¶ 21-22). Stewart alleges that "FFR . . . is . . . liable for any loss suffered by Stewart as a direct or proximate result of FFR . . . failing to timely make the beneficiary designation change on the [Policy] after being instructed by [the decedent] to do so on May 11, 2022." (*Id.* at ¶ 23). Stewart alleges that she has been "damaged in an amount to be determined at trial." (*Id.* at ¶ 24).

## II.     Standard of Review

Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are evaluated under the same standards as motions to dismiss pursuant to Rule 12(b)(6). In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept all factual allegations as true and make reasonable inferences in favor of the non-moving party. *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)). Only "a short and plain statement of the claim showing that the pleader is entitled to relief" is required. *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). "[T]he statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (internal quotation marks omitted) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Although the plaintiff need not plead specific facts, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "A plaintiff must

'plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Analysis

FFR argues that Stewart has failed to sufficiently plead the elements of her only claim—negligent procurement under Ohio law—because she failed to allege a "want of coverage."[1] To the contrary, FFR notes that Stewart's third-party complaint explicitly alleges that Genworth confirmed the beneficiary change on or about May 31, 2022 and identified Stewart as the 100% beneficiary of the Policy. (*See* Doc. 52 at PAGEID 511-12, referring to Doc. 35, PAGEID 357 at ¶ 15). FFR also argues that the delay between May 11 and May 29, 2022 in the Policy's beneficiary designation change had no bearing on Case's challenge thereto—i.e., there is no connection between the delay and Stewart's alleged damages. (*See id.* at PAGEID 515 n.1).[2]

In her response, Stewart argues that a "want of coverage" is not a necessary element of a negligent procurement claim, and the negligent timing of the beneficiary designation change suffices. (*See* Doc. 54 at PAGEID 523-24). Stewart also argues that the "essence of the cause of action is negligence"—suggesting that the Court may treat her claim as one of ordinary negligence. (*Id.* at PAGEID 523). Stewart further contends that "just because the change was

---

[1] The Court finds that FFR's arguments regarding Stewart's failure to allege "want of coverage," in effect, go to the damages element of a negligent procurement claim under Ohio law. *See Minor v. Allstate Ins. Co.*, 675 N.E.2d 550, 554 (Ohio Ct. App. 1996) ("The [insurance] agent is liable if, as a result of his or her negligent failure to perform that obligation, the other party to the contract *suffers a loss* because of a want of the insurance coverage contemplated by the agent's undertaking.") (emphasis added).

[2] FFR states:
> [P]er Genworth's Complaint for Interpleader, the premise of Bob Case's challenge with regard to the proper beneficiary under the Policy is that "any change of beneficiary made after May 2, 2022 may be the result of incapacity, undue influence, or fraud […]" (Doc. 1 at ¶ 18)(emphasis added). Accordingly, even if FFR had submitted the Beneficiary Change Form as early as May 11, 2022, as the Third-Party Complaint alleges should have been done, the Third-Party Plaintiff would be in an identical position as she is currently, as the interpleader action would have still undoubtedly been filed since Bob Case challenged any changes made to the beneficiary under the Policy after May 2, 2022.

(Doc. 52 at PAGEID 515 n.1).

3

ultimately made does not automatically mean that FFR Wealth was not negligent. The outcome of this case could hinge almost entirely on the timing of the beneficiary designation change." (*Id.*).

In its reply, FFR reiterates that Genworth made the beneficiary designation change to Stewart and has not denied coverage based on that change. As such, Stewart has not suffered a "want of coverage" (i.e., damages). FFR also argues that any alleged connection between the delay in the Policy's beneficiary designation change and Stewart's damages is mere speculation. (*See* Doc. 55 at PAGEID 529). FFR also argues that, while the Court is not bound by a plaintiff's characterization of his claim, the Court is also not required to recognize a claim not raised in a pleading. (*See id.* at PAGEID 530). Finally, FFR argues that to the extent Stewart's claim depends on a duty running between FFR and Stewart, FFR does not have a duty to a non-client. (*See id.* at PAGEID 531).

"Ohio law recognizes a cause of action against an insurance agency for negligent procurement where the agency fails to act with reasonable diligence in providing an insured with requested coverage." *Amankwah v. Liberty Mut. Ins. Co.*, 62 N.E.3d 814, 816 (Ohio Ct. App. 2016) (citing *Damon's Missouri, Inc. v. Davis*, 590 N.E.2d 254, 258 n.2 (Ohio 1992) ("An insurance sales agency owes its customer a duty to exercise good faith and reasonable diligence in undertaking to acquire the needed insurance coverage.") (citation omitted)) (remaining citation omitted). *See also Williams v. Shawnee Twp.*, No. 1-22-35, 2023 WL 1098465, at *2 (Ohio Ct. App. Jan. 30, 2023) (same). Success of the claim depends on an underlying showing of ordinary negligence, i.e.: "(1) the existence of a duty owed by the defendant to the plaintiff, (2) the breach of duty, (3) causation, and (4) damages." *Carpenter v. Scherer-Mountain Ins. Agency*, 733 N.E.2d 1196, 1203 (Ohio Ct. App. 1999) (citing *Anderson v. St. Francis-St. George Hosp., Inc.*,

71 N.E.2d 225, 227 (Ohio 1996)). *See also Williams*, 2023 WL 1098465, at *2 (same); *Robson v. Quentin E. Cadd Agency*, 901 N.E.2d 835, 840-41 (Ohio Ct. App. 2008) (same). "Whether [a] defendant owed a duty to [a] plaintiff[]" presents "a legal question that depends upon the foreseeability of the plaintiff['s] injury." *Carpenter*, 733 N.E.2d at 1203 (citing *Menifee v. Ohio Welding Prods.*, 472 N.E.2d 707, 710 (Ohio 1984)). "An injury is foreseeable if a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act." *Id.* (citing *Menifee*, 472 N.E.2d at 710).

The Court will grant FFR's motion because Stewart's claim is not ripe—an issue the Court may raise *sua sponte*. *Kentucky Press Ass'n, Inc. v. Kentucky*, 454 F.3d 505, 509 (6th Cir. 2006) (citing *Nat'l Park Hospitality Ass'n v. Dep't of the Interior*, 538 U.S. 803, 808 (2003)). The Court finds the decision in *Slone v. Allstate Vehicle & Prop. Ins. Co.* instructive:

> Slone's claim for negligent procurement is not ripe. Count Seven states, "*In the event that* Plaintiff is deemed not to be an insured of Defendant Allstate, or deemed that coverage of Defendant Allstate should not apply to Plaintiff . . . ," indicating that, at this time, Slone has not been deemed not to be an insured of Allstate and Allstate has not determined that coverage should not apply to Slone. (Compl. ¶ 43, ECF No. 5) (emphasis added). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks and citation omitted). "The basic principle of ripeness may be derived from the conclusion that judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote." *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St. 3d 88, 89, 694 N.E.2d 459 (1998) (internal quotation marks and citation omitted). As the events that would trigger liability for negligent procurement have not at this time occurred, Slone's negligent procurement claim remains hypothetical and is not ripe.

No. 2:20-cv-5344, 2021 WL 38273, at *6 (S.D. Ohio Jan. 5, 2021), *report and recommendation adopted*, 2021 WL 201443 (S.D. Ohio Jan. 20, 2021).

Even if Stewart's claim were ripe, she has not sufficiently alleged that she suffered damages that were caused by FFR's breach of duty. Stewart's third-party complaint alleges a

5

duty running from FFR to Stewart because she was the known and intended beneficiary of the Policy. (Doc. 35, PAGEID 358 at ¶ 21).[3] Stewart alleges that FFR "breached that duty by failing to timely effectuate the beneficiary designation change requested by the decedent[,]" which was the direct or proximate cause of "any loss suffered by Stewart. . . ." (*Id.* at ¶¶ 22-23). But Stewart's third-party complaint contains no factual allegations to support a reasonable inference that the 18-day delay in the Policy's beneficiary designation change caused any damages. (*See* Doc. 52 at PAGEID 515 n.1). Given the opportunity to identify or clarify the facts or reasonable inferences that support the alleged causation or damages, Stewart failed to do so—stating only that "[t]he outcome of this case *could hinge* almost entirely on the timing of the beneficiary designation change." (Doc. 54 at PAGEID 523 (emphasis added)). Speculative allegations cannot survive a motion to dismiss as they fail to meet the pleading standards enunciated in *Iqbal* and *Twombly*. *See Twombly*, 550 U.S. at 556 ("Factual allegations must be enough to raise a right to relief above the speculative level. . . .").

## IV. Conclusion

Because Stewart's claim is not ripe and her third-party complaint fails, in any event, to sufficiently allege that FFR's breach caused any damages, FFR's motion (Doc. 52) is **GRANTED**.

**IT IS SO ORDERED.**

Date: 5/19/2023

Karen L. Litkovitz
United States Magistrate Judge

---

[3] Leaving other deficiencies of the third-party complaint aside, however, the Court does not seriously question whether Stewart would have standing as a third-party beneficiary to the Policy to assert a negligent procurement (or similar) claim against FFR, where Stewart alleges that she was specifically identified to FFR as the intended beneficiary of the Policy. (Doc. 35, PAGEID 356-57 at ¶¶ 6-9). *See Emahiser v. Complete Coverage Ins., LLP*, 53 F. Supp. 3d 1025, 1030 (N.D. Ohio 2014) (a third-party has standing to assert a negligent procurement claim where the complaint contains "allegations that he or she was a 'direct, intended, and specifically identifiable' beneficiary to the policy.").