UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

GENWORTH LIFE AND ANNUITY INSURANCE COMPANY,
    Plaintiff,

vs.

ROBERT ALLEN CASE, *et al.*,
    Defendants.

Case No. 1:22-cv-435
Litkovitz, M.J.

**ORDER**

    Attorneys Elizabeth M. Johnson, Adam J. Turer, and Jarrod M. Mohler of Robbins, Kelly, Patterson & Tucker, LPA (collectively, RKPT) have filed a motion to withdraw as counsel for defendant/cross-claimant defendant Lori A. Stewart. (Doc. 81).[1] For the following reasons, RKPT's motion is **GRANTED**.

    Attorney withdrawal issues are committed to the court's discretion, but courts must look to both local and ethical rules regarding withdrawal. *See Brandon v. Blech*, 560 F.3d 536, 537 (6th Cir. 2009). "[A] district court may forbid withdrawal if it would work severe prejudice on the client or third parties." *Id.* at 538. Withdrawal that would leave a client without counsel alone "does not amount to severe prejudice." *Id.*

    The Southern District of Ohio local rules permit withdrawal upon counsel's filing of a motion to withdraw under Local Rule 83.4(b). Under this provision:

> No attorney of record may withdraw, nor may any other attorney file an appearance as a substitute for an attorney of record without first: (i) providing written notice to the client, to all counsel including the withdrawing attorney and any unrepresented parties, and (ii) obtaining leave of Court. However, attorneys from the same firm or governmental agency may file and serve a notice of appearance or substitution for an attorney of record without obtaining leave of Court.

---

[1] They also propose that the Court stay the case "for sixty (60) days to permit Ms. Stewart an opportunity to secure new counsel and coordinate transfer of the file." (*Id.* at PAGEID 3176).

S.D. Ohio Civ. R. 83.4(b).

Rule 1.16(b) of the Ohio Rules of Professional Conduct provides that an attorney may withdraw from representing a client in the following circumstances:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> (2) the client persists in a course of action involving the lawyer's services that the lawyer *reasonably believes* is *illegal* or *fraudulent*;
> (3) the client has used the lawyer's services to perpetrate a crime or *fraud*;
> (4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
> (5) the client fails *substantially* to fulfill an obligation, financial or otherwise, to the lawyer regarding the lawyer's services and has been given *reasonable* warning that the lawyer will withdraw unless the obligation is fulfilled;
> (6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;
> (7) the client gives *informed consent* to termination of the representation;
> (8) the lawyer sells the law practice in accordance with Rule 1.17;
> (9) other good cause for withdrawal exists.

Ohio Prof. Cond. Rule 1.16(b) (2020).

RKPT's motion's certificate of service states that it was served on Ms. Stewart via email. (Doc. 81 at PAGEID 3177). RKPT asserts that Ohio Rule of Professional Conduct 1.16(b)(5) supports good cause for requesting withdrawal. RKPT states: "At this time, the representation of Ms. Stewart has resulted in a substantial and unreasonable financial burden on the attorneys and the same has been communicated to Ms. Stewart on multiple occasions." (Doc. 81 at PAGEID 3176).

Based on the foregoing, RKPT's motion (Doc. 81) is **GRANTED** as follows:

1. Attorneys Elizabeth M. Johnson, Adam J. Turer, and Jarrod M. Mohler of Robbins, Kelly, Patterson & Tucker, LPA are permitted to withdraw as counsel for Ms. Stewart;

2. Ms. Stewart shall have until June 7, 2024 to find and retain new counsel;

3. The final pretrial conference date (April 17, 2024 at 2:00 p.m. (*see* November 21, 2023 docket notation)) and trial date (May 6, 2024 (Doc. 67)) are hereby **VACATED**;

4. This Order shall go into effect **SEVEN DAYS** from its entry absent objection by defendant/cross-claimant Robert A. Case.

Date: 4/8/2024

Karen L. Litkovitz
United States Magistrate Judge